Osbobne, J.
On the evening of July 19, 1886, plaintiff was returning from his work in New York with a bundle of tools; he got on board of one of defendants’ open cars at the Grand street ferry, and, while riding with his back to the driver, along Meserole street, between Graham avenue and Humbolt street, at which latter street he desired to get off, he arose from his seat, put one foot on the side step running-along the length of the car, and while in the act of reaching over for his bundle of tools, which had been placed under his seat, was struck by the hub of a large beer wagon standing on the street between the car track and the curb, was knocked off the car and received the injuries to recover-damages for which this action was brought.
Plaintiff obtained a verdict for $500, and from this verdict and the order denying a motion for a new trial defendant appeals.
*707 It appeared on the trial that the beer wagon occupied the whole of the space between the car and the curb, that the hubs of the wagon lapped over and on to the side step of the car and that there was barely room for the car itself to get by, indeed there was some evidence that the car scraped against the wagon as it passed: There was conflicting evidence as to the rate of speed at which the car moved, and as to whether a cautionary notice was given by the driver to his passengers.
The learned counsel for the defendants contends that the plaintiff was guilty of contributory negligence, and there was no evidence of negligence on the part of the defendant and that the motion for a non-suit should have been granted.
We are of the opinion, however, that there was no such negligence shown on the part of the plaintiff, under all the circumstances of the case as would have justified the court below in granting the motion; while on the other hand there was sufficient evidence of negligence on the part of defendant to justify the submission to the jury.
Under these circumstance it was the duty of the learned trial judge to submit the case to the jury under proper instructions.
We have carefully examined the charge to the jury, and, taken as a whole, it fairly presents to the jury the principles of law which were to govern them in deciding the case, and we do not think there is any such error therein as would render it proper for us to disturb the verdict.
Judgment and order denying new trial affirmed with costs.
Van Wyck, J., concurs.